**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ELIZABETH A. PEIFFER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, )<br>)<br>)<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>CHARLESTON COUNTY SCHOOL DISTRICT, )<br>)<br>)<br>DEFENDANT. )<br>) | C.A. NO. 2:16-CV-1042-RMG<br><br><br>**ANSWER OF DEFENDANT CHARLESTON COUNTY SCHOOL DISTRICT** |

Defendant Charleston County School District (hereinafter "Defendant" or "the District"), hereby answers Plaintiff's Complaint by denying each and every allegation not hereinafter specifically admitted, and further responds to the Plaintiffs' Complaint by alleging and stating as follows:

1. Defendant admits, upon information and belief, the allegations contained in Paragraph 1 of Plaintiff's Complaint concerning Plaintiff's citizenship and residency at the time in issue. The remaining allegations in Plaintiff's Complaint constitute conclusions of law, requiring no answer.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint. Further responding, the District states that it is an independent, body politic and corporate created by Act 340 of 1967, 1967 S.C. Acts 470.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

4.     The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law requiring no answer.  Defendant further states that all wages due and owing have been paid to Plaintiff.

5.     The allegations contained in Paragraph 5 of Plaintiff's Complaint concerning Plaintiff's employment status for purposes of the Fair Labor Standards Act (hereafter "FLSA") constitute conclusions of law, requiring no answer.  As to the remaining allegations in Paragraph 5, Defendant craves reference to the letter referenced therein and denies each allegation that is inconsistent with or not fully supported by the same.

6.     Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendant admits as much of the allegations contained in Paragraph 7 of Plaintiff's Complaint as allege Plaintiff attended New Employee Orientation, but denies that Plaintiff has not been paid for attending New Employee Orientation.

8.     Responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant denies Plaintiff's allegations and states that Plaintiff has been fully paid for time spent attending New Employee Orientation.

9.     Plaintiff's allegations in Paragraph 9 of Plaintiff's Complaint concerning "other similarly situated, hourly non-exempt employees" constitute conclusions of law requiring no answer.  Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Plaintiff's allegations in Paragraph 11 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

## CLASS ACTION ALLEGATIONS

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint constitute conclusions of law requiring no answers.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

## JURY DEMAND

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

## FOR A FIRST CAUSE OF ACTION
## S.C. PAYMENT OF WAGES ACT

19. Responding to Paragraph 19 of Plaintiff's Complaint, the Defendant repeats the foregoing paragraphs of this Answer as fully and completely as if repeated herein verbatim.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint concerning similarly situated parties and payments due under the South Carolina Payment of Wages Act constitute conclusions of law requiring no answer. Defendant further states that Plaintiff has been paid all wages owing to her.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

## FOR A SECOND AND ALTERNATIVE CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT

23. Responding to Paragraph 23 of Plaintiff's Complaint, the Defendant repeats the foregoing paragraphs of this Answer as fully and completely as if repeated herein verbatim

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

28. The allegations contained in Paragraph 28 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint constitute conclusions of law requiring no answer.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint concerning "similarly situated non-exempt employees" constitute conclusions of law requiring no answer. Defendant denies the remaining allegations in Plaintiff's Complaint

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

33.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, which act as a bar to her claim.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

34.     Plaintiff's claims are subject to all applicable statute of limitations, which act as a bar to Plaintiff's claims to the extent the claims arise or accrue outside of the statutory limitations.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

36.     Defendant denies withholding any wages from the Plaintiff.  If any wages were withheld by Defendant, which is specifically denied, such withholding was based on a reasonable good faith wage dispute.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

37.     Responding to Plaintiff's Wage Payment Act claim, Defendant states that such claims are barred to the extent they assert rights created by the FLSA, depend on establishing an

alleged violation of the FLSA, and are preempted by the FLSA's comprehensive, exclusive remedial scheme.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

38. Some or all of the alleged FLSA violations may be barred under the *de minimis* doctrine.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

39. Plaintiff is not entitled to conditional or final certification or court facilitated notice under 29 U.S.C. §216(b) and other relevant legal authority because Plaintiff is not similarly situated to potential opt-ins, because Plaintiff have not defined potential opt-ins, and because Plaintiff cannot adequately represent the interests of any potential opt-ins. Plaintiff's allegations fail to meet the requirements necessary to justify collective action or issuances of notice to putative collective action members.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

40. Even if Plaintiff prevails, Plaintiff's damage claims are bared to the extent that the forms of relief are duplicative of each other.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

41. Any and all damages claimed in excess of the applicable statutory cap are barred.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

42. The Plaintiff's claims are subject to her duty to mitigate her damages.

### FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

43. Plaintiff's claims are barred by principles of equity including, but not limited to, the requirements of clean hands and of due diligence and the doctrine of laches.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

44. Defendant's actions complained of in the Complaint with respect to Plaintiff and those who Plaintiff seeks to represent are subject to the provisions of 29 U.S.C. §§258 and 259 because they were done in good faith and in reasonable reliance on administrative regulation, order, ruling, approval and interpretation of the Department of Labor, or an administrative practice or enforcement policy of the Department of Labor with respect to the class of employers to which Plaintiff and or the putative class members belong. Consequently, Plaintiff and the putative class members are not entitled to liquidated damages or penalties under the FLSA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

45. To the extent Plaintiff's Complaint seeks punitive damages, Plaintiff is not entitled to punitive damages against Defendant because it is a governmental entity.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

46. To the extent Plaintiff's Complaint seeks punitive damages, Plaintiff's claim for punitive damages is barred because the acts and omissions, if any, of Defendant fail to rise to the level required to sustain an award of punitive damages.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

47. To the extent Plaintiff's Complaint seeks punitive damages, the imposition of punitive damages on the basis of the acts or omissions of this Defendant with respect that the Plaintiff would represent the deprivation of liberty and property without due process of law, the

imposition of cruel and unusual punishment and excessive fines, and deny the equal protection of law, in violation of the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and pertinent provision of the Constitution of the State of South Carolina.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

48.     Plaintiff's claims are barred to the extent Plaintiff failed to timely exhaust all applicable administrative remedies.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

49.     Defendant acted at all times in good faith, and all actions it took were justified and for legitimate purposes.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

50.     The Plaintiff's claims herein, in whole or in part, are barred by the doctrines of waiver and estoppel

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

51.     The Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:**

52.     The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff failed to report or give notice of the allegations upon which Plaintiff bases her claims or failed to avail herself of the internal procedures, means or methods relating to violations grievances, complaints or disputes.

## FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO, THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

53. Defendant hereby gives notice that Defendant intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered the Complaint herein, Defendant prays for an Order of this Court dismissing Plaintiff's Complaint with prejudice, granting judgment to Defendant, requiring Plaintiff to pay all costs of this action, including attorneys' fees, and granting such other and further relief as this Court may deem just and proper.

By:  s/Carol B. Ervin
Carol B. Ervin, Esquire, Federal ID No. 734
Email:  cervin@ycrlaw.com
Brian L. Quisenberry, Esquire, Federal ID No. 9684
Email:  bquisenberry@ycrlaw.com
Stephanie N. Ramia, Esquire, Federal ID No. 11783
Email:  sramia@ycrlaw.com
P.O. Box 993, Charleston, SC  29402-0993
25 Calhoun Street, Suite 400, Charleston, SC  29401
Telephone:  (843) 724-6641
Fax:  (843) 579-1331

*Attorneys for Defendant Charleston County School District*

Charleston, South Carolina

Dated:     July 25, 2016